# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERICA JOAN NICHOLS,**

    **Plaintiff,**

v.                                               Case No: 6:16-cv-1819-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Erica Joan Nichols (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits and supplemental security income. Doc. 1; R. 1-6, 14, 161-64. Claimant argued, in part, that the Administrative Law Judge (the ALJ) erred by failing to weigh the opinion of John Papa, M.D., one of Claimant's treating physicians. Doc. 27 at 28-31. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

## I. THE ALJ'S DECISION

In 2013, Claimant filed applications for disability insurance benefits and supplemental security income. R. 14, 161-64. Claimant alleged a disability onset date of September 12, 2011. R. 14, 161.

The ALJ issued his decision on June 12, 2015. R. 14-25. In the decision, the ALJ found that Claimant had the following severe impairments: reflex sympathetic dystrophy, degenerative disc disease, fibromyalgia, obesity, sleep apnea, adjustment disorder, and pain disorder. R. 16. The ALJ found that Claimant had a residual functional capacity (RFC) to perform less than a full

range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1]  R. 19.  Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for 4 hours in an 8-hour workday; can sit for 6 hours in an 8-hour workday; can occasionally climb stairs and ramps; can never climb ladders, ropes, or scaffolds; can frequently balance; can occasionally stoop, kneel, crouch, and crawl; can have occasional exposure to temperature extremes; can understand and remember simple and detailed 1, 2, and 3-step instructions and tasks; can maintain attention, concentration, persistence, and pace for 2-hour segments of time with customary breaks between such segments; can tolerate occasional interaction with the public; and can tolerate occasional changes in job duties.

*Id.*  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 53-54.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 23-24.  Therefore, the ALJ found that Claimant was not disabled.  R. 24.

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.."  20 C.F.R. §§ 404.1567(b); 416.967(b).

405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§

404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id*. at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent

with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Claimant argued, in part, that the ALJ erred by failing to weigh, or even discuss, Dr. Papa's opinion that Claimant could not stand or walk for more than twenty minutes per hour. Doc. 27 at 28-31. Claimant argued that the ALJ offered no explanation for why the RFC exceeded the limitation opined to by Dr. Papa.[2] *Id.*

In response, the Commissioner did not argue that the ALJ weighed Dr. Papa's opinion. Doc. 27 at 38-46. Nor did the Commissioner argue that Dr. Papa was not a treating physician. *Id*. Instead, the Commissioner appears to have argued that the ALJ was not required to weigh Dr. Papa's opinion because Dr. Papa's opinion predated the alleged onset date. *Id*. at 39, 42-43. The Commissioner further argued that any alleged failure to weigh Dr. Papa's opinion was harmless error. *Id*. at 42-44. The Commissioner's arguments are without merit.

"Courts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is: 1) within close proximity to the onset date; and 2) relevant to a claimant's impairments." *Garrett v. Comm'r of Soc. Sec.*, 6:16-cv-1516-Orl-41GJK, 2017 WL 1460733, at *3 (M.D. Fla. Mar. 15, 2017), report and recommendation adopted, 2017 WL 1438321 (Apr. 24, 2017) (citations omitted). Moreover, even when an opinion significantly predates a claimant's alleged onset date such that the opinion is of limited relevance, courts in this Circuit

---

[2] The ALJ found that Claimant could "stand and/or walk for 4 hours in an 8-hour workday." R. 19. But if Claimant were to be limited to standing or walking for no more than twenty minutes per hour, then Claimant, at most, could stand or walk for 2.67 hours in an 8-hour workday.

have required the ALJ to weigh the opinion. *See Simpson v. Colvin*, 2015 WL 139329, at *4 (N.D. Ala. Jan. 12, 2015) (finding that the ALJ's failure to weigh an opinion that predated the alleged onset date by two-and-a-half years was not harmless because finding that the error was harmless would have required the court to reweigh the evidence) (citations omitted); *Hamlin v. Astrue*, 3:07-cv-507-J-TEM, 2008 WL 4371326, at *3-4 (M.D. Fla. Sept. 19, 2008) (finding that the ALJ erred by failing to weigh Dr. Tan's opinions, which predated the alleged onset date).

Here, less than two months before the alleged onset date, Dr. Papa opined that Claimant was restricted to "[n]o standing or walking greater than 20 minutes per hour." R. 388-94. Given the proximity to the alleged onset date and the relevance to Claimant's impairments, the Court finds that Dr. Papa's opinion was significant. As such, the Court finds that it was error for the ALJ to fail to weigh Dr. Papa's opinion.[3]

The Commissioner's argument that the ALJ's error was harmless is unavailing. It appears that the Commissioner is arguing, in part, that the ALJ's error is harmless due to the fact that Dr. Papa's opinion predated the alleged onset date. However, that fact, alone, is an insufficient basis for the Court to find that the ALJ's error was harmless. *See Garrett*, 2017 WL 1460733, at *3. Further, the Commissioner's argument that Dr. Papa's opinion does not contradict the RFC is without merit. If Claimant were to be limited to standing or walking for no more than twenty minutes per hour, then Claimant would be capable of standing or walking for no more than 2.67 hours in an eight-hour workday. But the RFC provides that Claimant is capable of standing or walking for four hours in an eight-hour workday. As such, Dr. Papa's opinion directly contradicts

---

[3] The Court further notes that there is nothing in the ALJ's decision to indicate that the ALJ considered any of Claimant's medical records that predate the alleged onset date. R. 14-25. The oldest medical record that the ALJ discussed was dated September 12, 2011, the same date as the alleged onset date. R. 20.

the RFC, and the ALJ's failure to weigh Dr. Papa's opinion renders it impossible for the undersigned "to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Finally, to the extent that the Commissioner argued that the advice that Dr. Papa provided contradicted Claimant's allegations of disabling limitations, the Court notes that it cannot rely on a post-hoc argument offered by the Commissioner on appeal. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

For the foregoing reasons, the Court finds that the ALJ erred by failing to weigh Dr. Papa's opinion. This issue is dispositive, and, therefore, there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g);

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case; and

3. Claimant's request for attorney fees and costs is **DENIED without prejudice** as premature.

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kerry Morgan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Suite 350
6840 Carothers Parkway
Franklin, TN 37067-6538